Commonwealth ex rel. Maurer *v.* Witkin et al. (Starer, Appellant).

192

Argued March 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Herbert A. Barton,* for appellant.

*Philip Richman,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 27, 1942:

John D. Mayer, a citizen, elector and taxpayer of the Eighth Councilmanic District of Philadelphia, filed a petition for leave to use the name of the Commonwealth of Pennsylvania ex relatione John H. Maurer, District Attorney of Philadelphia County, for the purpose of filing in the name of the Commonwealth a petition in the Court of Common Pleas of Philadelphia County, asking it to direct a mandamus to issue to the County Commissioners of that county to declare that the office of Councilman for the Eighth Councilmanic District of Philadelphia is vacant and should be filled at the November, 1942, election and cause to be held in that district an election to fill the office of Councilman of said district, at the ensuing general and primary elections to be held on November 3, 1942, and May 19, 1942, respectively. The

District Attorney on March 2, 1942, permitted the use of the name of the Commonwealth of Pennsylvania for that purpose.

On March 3, 1942, a petition for a writ of mandamus was filed in the name of the Commonwealth, naming the County Commissioners of Philadelphia, who constituted the County Board of Elections, as defendants. In due course a writ of alternative mandamus issued. On March 9, 1942, the defendants filed a return to the petition for writ of mandamus. On March 10, 1942, a demurrer to the return was filed on behalf of plaintiff, and on March 12, 1942, the court sustained the demurrer and entered an order directing the issuance of a writ of peremptory mandamus, and on the same day the Prothonotary of the Court of Common Pleas caused the said writ to issue.

On March 17, 1942, appellant, alleging himself to be a citizen and taxpayer of the City and County of Philadelphia and a duly qualified elector and resident of the Eighth Councilmanic District of said city, filed a petition for leave to intervene as a party defendant. Upon consideration of this petition, and on motion of appellant's counsel, the court entered an order upon John D. Mayer, the plaintiff petitioner, and upon the County Commissioners of Philadelphia to show cause why appellant should not be permitted to intervene as a party defendant, which rule was made returnable the 18th day of March, 1942. No answer was filed to this petition. Counsel for John D. Mayer, the petitioner, at the hearing on the petition requested the court to discharge the rule. Counsel for the County Commissioners was present at the hearing, but did not oppose the intervention of appellant. On March 19, 1942, the court entered an order discharging appellant's rule, whereupon appellant moved the court to grant an exception to this ruling, which exception was allowed on March 19, 1942. On the same day an appeal was taken to this Court from the final order and also from the order discharging the rule for intervention.

The vacancy in the office of Councilman in the Eighth Councilmanic District of Philadelphia arises from the resignation on December 31, 1941, of John A. Mawhinney from that office.

This record presents two questions: First, Did the Appellant have the right to intervene as a party defendant? All of the members of the Court, with the exceptions hereinafter noted, answer this question in the affirmative. The applicable Rule of Civil Procedure relative to the subject of intervention is as follows: "Rule 2327. At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules, if . . . (3) Such person could have joined as an original party in the action or could have been joined therein; or (4) The determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." Appellant was qualified to join as an original party in these proceedings and a determination of the action affected his rights, as well as the rights of all the other taxpayers of the City of Philadelphia. The court below should have made absolute the rule to show cause why the appellant should not be permitted to intervene as a party defendant.

The second question is: Did the court below have the power to order a special election to fill the office of Councilman of Philadelphia at the primary and general elections to be held this year? All the members of this Court, with the exception hereafter noted, answer this question in the negative. Article 12, section 1 of the State Constitution provides that "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law: Provided, That elections of State officers shall be held on a general election day, and elections of local officers shall be held on a municipal election day, except when, in either case, special elections may be required to fill unexpired terms." Since the enactment of the Election Code

of 1937 there is no requirement under the law for the special election of Councilmen in Philadelphia. Appellee declares that "The petition was based on the provisions of Article 6, Sec. 2 of the Charter Act of 1919, P. L. 581, as amended, 53 PS Sec. 3252, which reads as follows: 'If any vacancy shall happen in the office of Councilman, the vacancy may be filled at the next general, municipal, or special election, occurring not less than thirty days thereafter, but the Councilman thus elected shall serve only for the unexpired term.'" Appellee adds: "The next general, municipal, or special election occurring not less than thirty days after the vacancy occasioned on December 31, 1941, is the election to be held on November 3, 1942." Appellee's contention must be rejected because of Article 6, section 602, 25 PS 2752, of the Election Code of 1937, which provides that ". . . all county, city, borough, township, ward, school district, poor district and election officers shall be elected at the municipal election", i. e., in odd-numbered years. This provision conflicts with the section of the Charter Act cited by appellee. Section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, provides as follows: ". . . If the conflict between the two provisions [in the same or another law] be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, *unless the general provision shall be enacted later and it shall be the manifest intention of the legislature that such general provision shall prevail.*" (Italics supplied.)  The above quoted provision of the Election Code was enacted later than the Charter Act and it was the manifest intention of the legislature that the general provision shall prevail. This intention is manifested by the following: The Election Code provides for special elections to fill vacancies in the following offices only: (1) United States Senator, (2) Representative in Congress, (3) Member of the General Assembly. Special elections are also provided for "on a proposed constitutional amendment or other question,

to be voted on by the electors of the state at large, or by the electors of any political district." (See 25 PS 2787 and 3069). The omission of the office of City Councilman from the list of offices which when vacant are to be filled by special elections is significant, for it is a principle of interpretation that the mention of one thing in a law implies the exclusion of the things not mentioned ("expressio unius est exclusio alterius"). As Chief Justice THOMPSON, speaking for this Court, said in *Page v. Allen,* 58 Pa. 338, 346: "The expression of one thing in the constitution, is necessarily the exclusion of things not expressed." Since the comprehensive Election Code of 1937, which expressly purports to "codify, revise and consolidate the laws relating to general, municipal, special and primary elections", makes no provision anywhere in its 205 printed pages for *special elections* to fill vacancies in the office of *Councilman of Philadelphia,* it is obvious that the above general provision for the election of city officers *only at municipal elections* must prevail, and the court below was without authority to make the mandamus order appealed from.

The order discharging the rule to show cause why David Starer should not be permitted to intervene as a party defendant is reversed and vacated.

The order awarding a peremptory writ of mandamus directing the County Commissioners of Philadelphia constituting the County Board of Elections of Philadelphia to arrange, hold and conduct an election to fill the office of City Councilman from the Eighth Councilmanic District of the City of Philadelphia at the ensuing primary and general elections to be held on May 19, 1942, and November 3, 1942, respectively, is reversed and vacated. Such an election is not to be held.

Costs to be paid by the County of Philadelphia.

The Chief Justice would dismiss the appeals on the ground that the appellant has no standing as an intervenor in these proceedings and would relegate him to the

remedy of a bill in equity to prevent the election of a Philadelphia City Councilman this year.

Mr. Justice DREW would deny the appellant the right to intervene in these proceedings, but since the majority of the Court permits this intervention, he concurs in the decision vacating the writ of mandamus and decreeing that no election to fill the councilmanic vacancy can be held this year.