Boyer, Appellant, *v.* Boyer.

Argued September 30, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Harry R. Back,* for appellant.

*Herbert J. Bass,* for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

The husband brought this action for divorce on the ground of indignities, which he averred continued from 1935 to June, 1942, when he left the respondent. The master found the indignities had occurred, but recommended the dismissal of the libel because he was not satisfied that the wife was mentally responsible for her acts. The court below found the indignities were not established and accordingly dismissed, and the libellant-husband appealed. With a slight modification the order of the court below will be affirmed, but for a different reason.

The libel was filed October 8, 1942, and a subpœna awarded which was never served. Instead of service,

on January 13, 1943, a sister of respondent filed a petition with the court averring: "That since the institution of this divorce proceeding . . . [the respondent] . . . has been admitted to the Philadelphia General Hospital . . .," and that she "is non compos mentis . . .," and "as a result of . . . [her] . . . mental condition, she has been so far deprived of her reason and understanding, that she is rendered unfit and unable to defend herself [in the pending action] . . . or [any action] . . . which may be instituted in the future." The prayer was for the appointment of a committee ad litem which was appointed and employed counsel who voluntarily appeared for the respondent, and who was awarded counsel fees. The hearing before the master was, so far as the respondent's interests were concerned, conducted solely on the theory that she was not mentally competent at the time of the alleged indignities. Nothing was done to determine whether the libellant had a right to proceed in the divorce when his wife was admittedly a lunatic and confined in an institution. The averments in the petition for the appointment of the committee ad litem were adopted by the libellant, for otherwise there was no appearance for the respondent or service on her. This petition averred her lunacy and that she was unfit and unable to defend herself. The fact of her lunacy appeared before service or the taking of any testimony. Under these circumstances the libellant could not proceed with this divorce action, which should have been dismissed or stayed.

The first act permitting courts to entertain jurisdiction in divorce actions when one of the spouses was a lunatic was the Act of 1843, P. L. 235, §8, which only allowed an insane wife to become a libellant. If a wife was insane she could not be sued, but she could bring action if the respondent were sane. The Act enlarged jurisdiction as to the parties and did not furnish any ground of divorce.

The Act of 1843 was amended by the Act of 1905, P. L. 211, which also gave no new ground for divorce. It provided that where either spouse was a *hopeless* lunatic the other could sue in divorce, and that the *hopeless* lunacy of the respondent spouse had to be averred in the libel and established by expert testimony. Under Clause C *no divorce could be granted unless the respondent was hopelessly insane.*

By The Divorce Law of 1929 all the provisions of the Act of 1905 were, in substance, reënacted in §§18, 25, 30 and 53 (23 PS §§18, 25, 30, 53). Section 18 provides: "In cases where a spouse is a hopeless lunatic, or non compos mentis, the courts of common pleas shall have jurisdiction to receive . . . a libel for divorce [on any of the grounds specified in §10]." Section 25 provides: "In cases where the respondent is a hopeless lunatic, or non compos mentis, the fact of lunacy . . . and such circumstances as may be sufficient to satisfy the . . . court as to the truth of the allegation, shall be set forth in the . . . libel . . ." In the instant case the libellant did not aver the insanity of the respondent, but, as we have seen, the libellant adopted, in order to obtain service, the averments in the petition for the appointment of a committee, that the respondent was insane and confined in an institution. Section 30 provides for service on the committee.

Section 53 provides: "Upon the hearing of any case . . . where the petition or libel sets forth that the respondent is a lunatic, the question of lunacy shall be fully established by expert testimony . . . *No divorce shall be granted to the libellant, in any such case, unless it be proved beyond a reasonable doubt that the respondent is hopelessly insane,* but, if any respondent has been for ten or more years an inmate of any asylum for the insane, it shall be conclusive proof of hopeless insanity." (Italics supplied.)

The present respondent was insane. The libellant neither averred nor proved that she was hopelessly

insane, and she had been an inmate of an asylum for less than ten years. Therefore the libellant could not proceed in the cause until the respondent had either recovered her reason or the libellant established that she was hopelessly insane.

In *Hickey v. Hickey*, 138 Pa. Superior Ct. 271, 11 A. 2d 187, President Judge KELLER, speaking for this Court, discussed fully the history of divorce actions where one spouse is a lunatic, and the question of the competency of witnesses in such a case, stating (p. 273) : ". . . and in 1887 . . . there was no means of bringing an action of divorce against, or serving the subpœna in divorce upon, an insane spouse, although . . . the Act of April 13, 1843, . . . authorized the filing of a libel in divorce by a relative or next friend of a lunatic wife." This dictum construes the Act of 1905 as a *remedial* statute permitting divorce actions to be brought against an insane spouse, when such actions were previously interdicted. If this dictum be deemed incorrect, and if no statute were needed to enable a divorce action to be brought against an insane spouse, it must follow that the legislative intent was to *restrict* the bringing of such actions unless the respondent spouse was "hopelessly insane."[1] Inclusio unius est exclusio alterius. Cf. *Fazio v. Pittsburgh Railways Company*, 321 Pa. 7, 11, 182 A. 696, construing procedure under the Practice Act of 1915, relating to actions other than in divorce. See also *Commonwealth ex rel Maurer v. Witkin et al.*, 344 Pa. 191, 196, 25 A. 2d 317.

There is no statute authorizing the libellant to proceed in a divorce action when at the time of trial respondent is temporarily insane. The respondent appeared by an ad litem committee in lunacy, and therefore her insanity was a fact shown prior to the taking of testimony. When that fact appeared the libellant

---

[1] Clause C of the Act of 1905, P. L. 211, reënacted into §53 of The Divorce Law of 1929, 23 PS §53.

could not further prosecute the action until sanity was restored or until he proved that she was hopelessly insane. In the absence of such proof the libel was properly dismissed, but should have been without prejudice.

As thus modified the decree is affirmed.