## Tucker et ux., Trustees, v. Tucker, etc.

*Rambo, Knox and Landreth,* for petitioners.

*Herbert A. Barton,* for plaintiffs.

*John C. Noonan,* for defendant.

ALESSANDRONI, J., June 7, 1949.—Petitioner, Ethel M. Ahrens, executrix of the estate of John R. Ahrens, deceased, seeks to intervene in this action of assumpsit in which a jury trial has been demanded by the parties.

It is averred that petitioner's decedent was the manager of Bernard Tucker's Sons, a partnership, which has been dissolved recently by defendant's purchase of the interest of his late partner. It is also averred that petitioner's decedent owned a fractional interest in certain equipment of the partnership and his salary as manager consisted of a specified amount plus a percentage of the profits. Petitioner avers that neither this bonus nor profit share nor the share of the profit

arising from the operation of the jointly owned property has been paid since November 30, 1946, to the date of death of John H. Ahrens. These sums, which in a large measure are unascertained, petitioner seeks to recover by intervening in this action as a party defendant upon the averment that plaintiffs alone object to their payment.

The petition can only be considered intelligently within the perspective of the original complaint. In the main action plaintiffs, as trustees under the will of a deceased partner, aver that when their decedent died on December 2, 1940, they continued the partnership agreement until December 1, 1946, at which time the parties failed to agree upon the terms and conditions of a further extension, and thereafter on May 14, 1947, plaintiffs requested that the interest of the estate of the deceased partner be appraised pursuant to the terms of the partnership agreement. The amount so ascertained was refused by plaintiffs because it did not include the value of the good will and trade name of the partnership, and, in addition, a credit as an operating expense was claimed by defendant for certain bonuses paid to employes in violation of the agreement with plaintiffs. Among others, apparently, a bonus was credited to the account of petitioner's decedent on the books of the partnership. It is further contended that in ascertaining the share of the profits, defendant made an improper deduction on the books of the partnership, reducing the net profits by a sum in excess of $9,000. A claim is also made for an improper deduction from gross profits for repairs to certain equipment, the cost of which was in excess of the appraised value of that equipment. It is further averred that defendant improperly charged gross profits of the partnership for a period of five years with expenses which were personal rather than obligations of the firm. In

addition, there is a claim for profits for an interim period of approximately two months which plaintiffs contend was wrongfully denied them.

To this complaint an answer has been filed, as well as new matter, in which each of the essential allegations of the complaint are put at issue. The new matter essentially pleads facts which form the basis of an estoppel and these in turn are denied in the answer to new matter filed on behalf of plaintiffs.

It is clear that the issues raised by the pleadings contained in the original complaint, answer, new matter and answer thereto, are substantially in the nature of an accounting which will require careful presentation to the jury. The intervening claim of petitioner can only result in complicating the issues to be presented and render the jury's understanding of the matter more difficult.

The argument on behalf of petitioner is devoted primarily to establishing a cause of action as a matter of law, and in the brief reference to the Rules of Civil Procedure, the petitioner relies on Pa. R. C. P. 2327 (4), which provides that a person may intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action". It is contended that petitioner has a legally enforcible claim against plaintiffs and defendant for the recovery of the bonus due her late husband and that it comprises one of the items in dispute between the parties, so that an adjudication of this disputed item in the original action would affect petitioner's interest. It may be admitted that petitioner has a legally enforcible interest against the parties to this action, but we cannot comprehend how the determination of this action will affect that interest. The contention of petitioner is a mere conclusion without support.

The pertinent section of the rules is an adaptation of Equity Rule 25. An intervenor must own an interest in or a lien upon the property, or a cause of action which will be affected. Mere interest in the outcome of the action is not sufficient. Generally, creditors of a plaintiff cannot intervene in an action instituted by him against a third party even though a recovery may indirectly inure to their benefit: Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448. See also Commonwealth ex rel. Maurer v. Witkin et al., 344 Pa. 191; Freeman v. Behrman et al., 161 Pa. Superior Ct. 564.

It has been said that "The exact boundaries of the 'legally enforceable interest' limitation are not clear": Goodrich-Amram, Civil Practice, sec. 2327-7. The application of the rule requires the exercise of discretion and a consideration of the circumstances involved. It is our opinion that regardless of the reciprocal rights and liabilities of plaintiffs and defendant inter se, the liability of both of those parties to this intervenor might well be wholly different. The original action merely seeks to adjudicate the rights of the partners in which the intervenor has no interest. It may well be that as between the partners, one of them is not obligated to pay the bonus which forms the basis of petitioner's claim, yet as to a third party the claim may be a partnership obligation for which both of them are responsible.

In the exercise of discretion necessarily vested in us in applications of this nature, we are of the opinion that the petition to intervene should be dismissed. We believe it will make for a more orderly and less complicated proceeding if the issues between the partners are determined in one action and the obligation of the partners to petitioner's decedent resolved in a separate action.

*Order*

And now, to wit, June 7, 1949, the petition of Ethel M. Ahrens, executrix of the Estate of John H. Ahrens, deceased, for leave to intervene is dismissed.