## Lesko v. Lesko

548

Before MCKENRICK, P. J., GRIFFITH and MCDONALD, JJ.

*G. Harry Isaacson,* for petitioner.
*Myers, Taylor & Peduzzi,* for respondent.

MCDONALD, J., December 28, 1959.—This matter comes before the court upon petition of Ann Margaret Lesko, defendant in a divorce action to the above number and term, to vacate a final decree in divorce.

Respondent filed a complaint in divorce on May 14, 1956. Personal service of said complaint was made on petitioner May 18, 1956. No answer having been filed or appearance entered, a master was appointed, who, upon sending notice of a hearing to petitioner, learned that she had been admitted to Torrance State Hospital on June 30, 1956.

Upon petition of plaintiff, Walter A. Criste, Esq., a member of the Cambria County bar, was appointed guardian ad litem for respondent. Subsequently, this appointment was vacated because proper notice of the application had not been given to petitioner in accordance with Pa. R. C. P. 2056. The case was referred back to the master, and a new petition filed. Notice of the application for appointment of a guardian ad litem was given petitioner under the provisions of the aforesaid rule, and after a hearing Mr. Criste was again appointed.

At both hearings held by the master, Mr. Criste was present and entered his appearance as guardian ad litem for petitioner. He did not file an answer to the complaint or examine the witnesses.

On January 30, 1957, this court, upon recommendation of the master, entered a final decree in divorce a vinculo matrimonii.

It was agreed by counsel at the argument that peti-

tioner was discharged from Torrance State Hospital in July 1957; also, that respondent, after the final decree in divorce and prior to the filing of the petition to vacate, had remarried.

The petition to vacate the final decree was filed February 9, 1959, or about two years after the final decree in divorce had been entered and 18 months after petitioner's release from the hospital. An answer to the petition was filed by respondent. The matter was argued before the court en banc and briefs have been submitted.

The petition to vacate contends the court was without power to enter a final decree in divorce because there was no evidence or finding by the master that petitioner was hopelessly insane, or an inmate of an asylum for the insane for a period of 10 or more years. An examination of the record discloses that no such finding was made. In addition, the proceedings for appointment of a guardian ad litem which are part of the record, indicate she was confined to Torrance State Hospital, an institution for the mentally ill, about two and one-half months after service of the complaint had been made upon her and about six months prior to the second hearing before the master. The certificate of the attending psychiatrist, offered in evidence at the proceedings to appoint a guardian ad litem, states that she is insane and mentally defective and in need of treatment. There is no expert testimony in the record that she was, at the time of the hearing, hopelessly insane.

Section 53 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §53, provides as follows:

"Upon the hearing of any case before the court, a master or jury, where the petition or libel sets forth that the respondent is a lunatic, the question of lunacy shall be fully established by expert testimony, together with every other matter of fact that is affirmed

by one party and denied by the other. No divorce shall be granted to the libellant, in any such case, unless it be proved beyond a reasonable doubt that the respondent is hopelessly insane, but, if any respondent has been for ten or more years an inmate of any asylum for the insane, it shall be conclusive proof of hopeless insanity."

The Act of April 18, 1905, P. L. 211, provided that a libel for divorce could be filed against a spouse who is a hopeless lunatic or non compos mentis and service made upon the committee of said lunatic; that the fact of lunacy shall be established by expert testimony and no divorce granted unless it be proved beyond a reasonable doubt that said spouse is hopelessly insane or, in the alternative, confined to an asylum for the insane for 10 years or more. These provisions have been reenacted in The Divorce Law of 1929, secs. 18, 25, 30, 45 and 53. However, the Rules of Civil Procedure suspend the provision authorizing service of process upon a committee and, in lieu thereof, a guardian ad litem shall be appointed to represent the insane spouse's interest under Rule 2056. This procedure having been followed, petitioner, as defendant in the divorce action, was properly represented on the record.

The question here involved is whether the court must vacate a final decree in divorce upon petition filed by a defendant who was confined to an institution for the mentally ill at the time of hearing and who was not found to be hopelessly insane or confined to an asylum for the insane for a period of 10 or more years.

Divorce is purely a creature of statute: Hooks v. Hooks, 123 Pa. Superior Ct. 507. The power of the legislature over the subject of marriage as a civil status and its dissolution is unlimited, except as may be restricted by the Constitution. Thus, the State, an interested silent party in the dissolution of a marriage,

has the right to determine under what conditions the courts may grant a divorce: Hedderick v. Hedderick, 163 Pa. Superior Ct. 564.

In section 53 of The Divorce Law, supra, the legislature has unequivocally limited the power of the court to grant a divorce where defendant is a "lunatic," unless such fact shall be established by expert testimony and it be proved beyond a reasonable doubt that said defendant is hopelessly insane, or has been an inmate of an asylum for the insane for a period of 10 or more years. Thus, in the case at bar, where defendant (petitioner) was an inmate of an institution for the mentally ill at the time of the master's hearing, having been so confined for a period of less than 10 years and it was not established that she was hopelessly insane, the action could not proceed to judgment until her reason was restored or it was established she was hopelessly insane: Boyer v. Boyer, 163 Pa. Superior Ct. 520.

In Schwarzkopf v. Schwarzkopf, 176 Pa. Superior Ct. 441, 445, an order of the lower court dismissing the complaint in divorce because there was insufficient evidence of indignities was affirmed. Although the facts revealed that defendant was an inmate of an institution for the mentally ill, the lower court did not discuss section 53 nor was the question raised on appeal. Nevertheless, the Superior Court, after pointing out there was no expert testimony concerning the mental status of defendant as required by the aforesaid section, by obiter dicta stated:

"It is to be noted that not only must the question of lunacy be established by 'expert testimony', but that her insanity is hopeless must be 'proved beyond a reasonable doubt'. No effort having been made to prove this, *under the aforesaid statutory provision no divorce could be granted.*" (Italics supplied)

In Thies v. Thies, 57 D. & C. 468, Judge Laub, in a

well reasoned opinion discussing section 53, stated, at pages 168, 169:

"It will be observed that this section specifically prohibits the grant of a divorce in any case where insanity is alleged in the libel unless it be proved beyond a reasonable doubt that the respondent is hopelessly insane. Therefore, if the proof falls short of this mark and rises only to the point where temporary insanity is established, the act constitutes a specific barrier against the entry of a decree.

"It was obviously the legislative intent in the enactment of this statute to prescribe for exactly the situation that obtains in the case at bar. It provides a mantle of protection for respondents temporarily insane by prohibiting the procurement of a divorce for the duration of such temporary mental incapacity, thus giving to this class of respondents an opportunity after cure to interpose such defenses as they may have. At the same time the statute provides a remedy for those libellants who are married to persons hopelessly insane or to those who fall within the statutory equivalent of hopeless insanity by being in a mental institution for a period of 10 years."

In the instant case, there is no testimony of petitioner's mental condition other than a statement by respondent that she was in Torrance State Hospital. Since personal service of the complaint had been upon her, this statement was not sufficient to warrant the court in finding that she was insane. In fact, there is a presumption of sanity until the contrary is shown. However, prior to the hearing, the master learned she had been committed to Torrance State Hospital, an institution for the mentally ill. Subsequently, in proceedings to appoint a guardian ad litem under Pa. R. C. P. 2056, this court accepted the certificate of the doctor in charge of said institution that she was insane and in need of treatment. Thus, respondent was put

on notice that she was not mentally competent. However, the nature of her incompetence, whether temporary or hopeless insanity, or mental illness, was not inquired into at the master's hearing, nor was any such finding of fact made in his report.

In Boyer v. Boyer, supra, where, as in the instant case, the fact of insanity was not pleaded, the court held the libellant had, in order to obtain service of process, adopted the averments in the petition for the appointment of a committee, that respondent was insane and confined to an institution. Therefore, the case "could not proceed until the respondent had either recovered her reason or the libellant established she was hopelessly insane." Since the legislature has specifically, by section 53 of The Divorce Law, prohibited a final decree without such a finding, or evidence from which it could be established beyond a reasonable doubt, this court was without jurisdiction to grant the divorce.

Respondent argues that he had acquired jurisdiction over the person of petitioner and the subject matter and, therefore, the decree, if anything, was only voidable. Valid service of the complaint was made on petitioner prior to her commitment to the hopsital, and the court had jurisdiction of the subject matter. However, notwithstanding, this jurisdiction was expressly limited by the prohibition in section 53 that "no divorce shall be granted unless the requirements of that section be fulfilled. As stated in 30A Am. Jur. p. 175, §22:

"A Court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter."

Since it appears on the face of the record that an

essential jurisdictional fact, to wit, hopeless insanity of defendant, was not established, the final decree as entered was beyond the powers granted this court by the legislature and is, therefore, void.

Respondent also argues that petitioner has been guilty of laches, inattention and indifference in failing to file her petition to vacate until two years after the decree, or 18 months after her release from the hospital. While we appreciate the hardship the vacation of this decree will impose on respondent, who has remarried, we cannot agree that petitioner has lost her right to contest it by failing to file a petition more promptly. There is no evidence of when she first had knowledge of the decree. However, having been confined to an institution for a period of a year, it may have been difficult upon her release to pick up the threads of normal life. Since the parties had not lived together for several years prior to this action, and the guardian ad litem rather than petitioner received notice of the filing of the master's report and recommendation, it is entirely possible she may not have learned of the final decree for a considerable period of time after her discharge from the hospital.

Since, as we have stated above, the decree entered was void, the petition to vacate is not too late even though filed two years after entry of the decree: Mintz v. Mintz, 83 Pa. Superior Ct. 85.

Accordingly, we enter the following

### Decree

Now, December 28, 1959, after consideration of the record and briefs, the rule to show cause why the final decree in divorce entered on January 30, 1957, to no. 669, June term, 1956, should not be vacated is made absolute.

It is ordered and decreed that said final decree be and hereby is vacated as void and of no effect.

Costs to be paid by respondent.