## George J. McWilliams, Inc. v. Brittingham

*Fred T. Cadmus, 3rd,* for plaintiff.
*Donald F.W. Goebert,* for defendants.

GAWTHROP, P. J., July 20, 1965.—Plaintiff, a licensed real estate broker, sued defendants to recover a broker's commission claimed to be due under the terms of an exclusive agency agreement following the sale made by defendants themselves, after termination of the exclusive agency, to a purchaser with whom plaintiff had negotiated during the life of the exclusive agency, and whose identity it had listed with defendants. The question before us arises on preliminary objection in the nature of demurrer to the amended complaint, on the grounds that the exclusive agency contract is illegal and unenforceable as against public policy, because plaintiff failed to comply with certain provisions of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, sec. 10, and with certain regulations promulgated by the State Real Estate Commission, in that: (1) Plaintiff failed to furnish defendants with a fully executed copy of the agreement at the time of its execution; (2) the agreement does not contain a statement in bold face type that the broker

earns his commission on the sale, by whomsoever made, including the owner, and (3) it does not quote the expected commission on the asking price. By stipulation, the parties have furnished us a true copy of the agreement delivered by plaintiff to defendants, in substitution for the copy thereof appearing as exhibit A to the original complaint, which admittedly contains certain handwritten data describing the property which was not included in the copy given defendants. After argument and consideration of the matter, the demurrer must be overruled.

The Real Estate Brokers License Act of May 1, 1929, P. L. 1216, sec. 10, was amended in pertinent part by the Act of July 9, 1957, P. L. 608, sec. 4, 63 PS §440. The purpose of the 1957 Act, as disclosed in its title, is:

"An Act amending the Act of May 1, 1929 (P. L. 1216) entitled 'An act to define real estate brokers and real estate salesmen; and providing for the licensing, regulation, and supervision of resident and non-resident real estate brokers and real estate salesmen and their business,' changing examination, licensing, suspension and revocation provisions, increasing fees, and prescribing additional fees and penalties".

By section 4 [10] (a) of the amended act, it is provided:

"The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty,

". . . .

"(7) Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty;

". . . .

"(12) Of failure to provide his client with a fully executed copy of any sole or exclusive sales listing contract at the time of the execution thereof".

By the terms of section 17 of the Act of 1929, as amended, 63 PS §447, the commission is authorized to adopt all rules and regulations which, in its opinion, are necessary for the conduct of its business, and which, under the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, ff., when properly adopted and filed, have the force of law: Real Estate Commission v. Tice, 79 Dauph. 75, 87. It has so promulgated regulation 14.1, subsection 1, providing, inter alia, that no broker shall use a document providing for an exclusive right to sell, unless it carries the statement on its face in bold type to the effect that "the Broker earns his commission on the sale, by *whomsoever* made, including the *owner*", and regulation 14.1, subsection 2, requiring, inter alia, that every exclusive sales listing contract shall contain in its terms: "(a) asking price; (b) commission expected on such price". Defendants would have us hold that a broker's failure to comply with those requirements of the act and the regulations makes the contract voidable by the owners, and is a defense to an action to recover commissions which may otherwise be payable. We cannot adopt that view.

The title of the Act of 1957, quoted above, and its provisions as a whole show that while it is plainly intended to correct certain abuses which had previously arisen and gives the commission power, upon proper investigation, to suspend or revoke licenses of brokers failing to comply with the act, it is presumed under the Statutory Construction Act of May 28, 1937, P. L. 1019,

sec. 52, 46 PS §552, that no absurd or unreasonable result is intended, such as, for example, the imposition of personal liability on a broker for violation of its provisions: Trott v. Hild, 190 Pa. Superior Ct. 85. The act is a penal law and must be strictly construed: Pennsylvania State Real Estate Commission v. Keller, 401 Pa. 454. If such be true in the application of the act itself, the same result must follow in application of regulations promulgated under it by the commission.

"A careful consideration of the Act also reveals that nowhere is there any intention on the part of the legislature to impose personal liability on any broker for violation of its provisions. What the legislature [sic] enactment does provide is the power in the commission to suspend or revoke the license of such individual upon cause shown. The exercise of this power by the commission, being penal in nature, requires a strict construction. To hold that a violation of this enactment, per se, imposes liability on a broker is unwarranted. . . . We conclude that the legislature did not create or intend to create such liability"; Trott v. Hild, supra, at page 91. A denial of the right to recover commissions earned, while not the imposition of personal liability, would be the denial of a right otherwise existing under the agency contract. The purpose of the act, 63 PS §440, is to police real estate brokerage operations, and not to change the substantive law of contracts or agency, as is demonstrated by the inclusion of section 16.

Had the legislature intended to make such violations a defense to an action to recover commissions, it could and would have done so when it provided in section 16 of the act, 63 PS §446, that no action may be brought for, nor recovery had of, commissions for services by anyone other than a broker duly licensed at the time of rendering the services. But it did not do so, and the very failure so to do confirms the legislative intention to limit the provisions of section 10 of the Act of 1929,

as amended by section 4 of the Act of 1957, 63 PS §440, to the commission's power to investigate and to suspend and revoke licenses, rather than to make violations of its provisions or of the commission's regulations a defense against a licensed broker's claim for commissions. It is a principle of interpretation of statutes that the mention of one thing in a law implies the exclusion of other things not mentioned: Commonwealth ex rel. Maurer v. Witkin, 344 Pa. 191; Real Estate Commission v. Tice, supra, at page 87.

But even if the provisions of the license act or of the regulations in question were applicable so that plaintiff's failure to comply with them would furnish a defense to the claim for commission, the averments of the amended complaint, the stipulation of counsel, and the copy of the fully executed contract admittedly delivered to defendants contemporaneously with its execution show substantial compliance with both the law and the regulations. The contract contains the following:

"I agree that if the said property shall be sold or exchanged by me during the term of the said right and agency, whether effected by whomsoever, I will pay to you a commission of 6% of the gross selling price; and I will pay you the same commission if, within three (3) months after the termination of the said agency, I shall sell it to, or exchange it with any person with whom you shall have negotiated during the term of the agency and whose name you have registered with me during the original period of this exclusive right to sell".

It further contains on its face the following:
"Price 38,000.00".

Thus, the expected amount of commission is merely a matter of arithmetical calculation. Under such circumstances, there was substantial compliance with regulations 14.1, subsections 1 and 2 (a) and (b). Consequently, there appears no evidence which would sup-

port a finding of incompetency, bad faith or dishonesty, in violation of the provisions of the act, 63 PS §440(a) (7), and, obviously, there is no evidence of violation of subsection (a) (12) of the same section, requiring delivery of a copy of the contract contemporaneously with its execution. Cf. Real Estate Commission v. Tice, supra; State Real Estate Commission v. Vogel, 21 D. & C. 2d 797, 75 Dauph. 57.

And now, July 20, 1965, the preliminary objection in the nature of a demurrer is overruled. Defendants have 20 days from this date to file an answer.