## Commonwealth v. Stevens

*Michael J. Garfield, assistant district attorney,* for the commonwealth.
*Stephen P. Vlossak Sr.* for defendant.

LAVELLE, *P.J.,* November 24, 1987—This case raises the question whether a defendant can be convicted of a violation of section 1543(b) of the Motor Vehicle Code, 75 Pa.C.S. §1543(b), based on evidence that he was driving while his license was revoked because, after three prior convictions under

the Motor Vehicle Code, the last of which was D.U.I., he had been classified as an habitual offender under section 1542, 75 Pa.C.S. §1542.

## FACTS

The facts as stipulated to by counsel for defendant and the commonwealth are as follows:

Trooper Stephen Rendish of the Pennsylvania State Police stopped at the scene of an accident, and while there, talked with defendant, Larry R. Stevens. (The record fails to reveal Stevens' relationship with the accident.) At that time, Stevens told the trooper that he had been driving under suspension. When the trooper asked what the suspension was for, Stevens told the trooper that the suspension was D.U.I.-related. The trooper cited Stevens for a violation of section 1543(b).

Subsequently, Stevens' driving record was obtained from Harrisburg. The driving record disclosed that, at the time of the citation, Stevens' license was revoked, not for D.U.I., but instead, under the habitual offender provision of the Vehicle Code, 75 Pa.C.S. §1542. Although the record is unclear as to the nature of the first two of the three offenses which led to Stevens' status as an habitual offender, the third offense was a D.U.I. in 1984.

On June 2, 1987, we found Stevens guilty under section 1543(b) of the summary offense of operating a motor vehicle while his operating privileges were suspended or revoked, D.U.I.-related. Stevens has filed post-verdict motions, in the nature of a motion for a new trial and in arrest of judgment. After careful consideration of Stevens' motions, and the briefs of counsel, we grant the motion in arrest of judgment.

### DISCUSSION

We found Stevens guilty of violating section 1543(b) of the Motor Vehicle Code, which provides as follows:

"Any person who drives a motor vehicle on any highway or trafficway of this commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or section 3731 shall, upon conviction, be guilty of a summary offense. . . ." 75 Pa.C.S. §1543(b).

The commonwealth contends that the court, in determining whether the elements of section 1543(b) have been met, may look behind the habitual offender revocation to identify the underlying convictions which gave rise to the habitual offender status. Further, if the court finds a D.U.I. conviction underlying the habitual offender revocation, the court must treat the habitual offender revocation as a D.U.I.-related suspension or revocation as contemplated in section 1543(b) and find defendant guilty.

Stevens, on the other hand, argues that section 1543(b), because it is penal in nature, must be strictly construed, and thus can only be violated by evidence that his license was suspended for one of the three specific grounds set forth in the statute. Upon study of the statute and reflection, we are constrained to agree with Stevens and overturn his conviction.

It is beyond cavil that penal statutes must be strictly construed in favor of the accused. 1 Pa.C.S. §1928. *Commonwealth v. Driscoll*, 485 Pa. 99, 401

A.2d 312 (1979); *Commonwealth v. Fisher,* 485 Pa. 8, 400 A.2d 1284 (1979). Since section 1543(b) of the Motor Vehicle Code mandates a fine of $1,000 and imprisonment for a period of not less than 90 days, it is clearly penal in nature.

Moreover, we are guided by the maxim "expressio unius est exclusio alterius," which represents the principle of statutory interpretation that the mention of one thing in a law implies the exclusion of the things not mentioned. *Commonwealth ex rel. Maurer v. Witkin,* 344 Pa. 191, 25 A.2d 317 (1942). Alternatively stated, where certain things are specifically designated in a statute, all omissions from that statute should be understood as exclusions therefrom. *Commonwealth v. Charles,* 270 Pa. Super. 280, 411 A.2d 527 (1979). Therefore, where a statute specifically identifies the grounds upon which a violation of the statute can be based, all other grounds which are not specifically listed must be treated as incapable of supporting a violation of that statute.

Section 1543(b) specifically identifies three bases for violations. Driving when operating privilege is suspended or revoked: (1) as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731, (2) because of a violation of section 1547(b)(1), or (3) under section 3731. By delineating these three grounds, it is our view that the Legislature has proclaimed that these are the exclusive grounds upon which a violation of section 1543(b) can be based.

In the present case, at the time Stevens received the citation for the instant offense, his operating privileges were not suspended under any of the sections of the Motor Vehicle Code identified in section 1543(b). Instead, his privileges were revoked under the habitual offender provisions of section 1542.

Facially, a revocation under section 1542 is not a ground upon which a section 1543(b) violation can be based. Further, we have found no authority, statutory or otherwise, for the commonwealth's proposition that, in determining whether Stevens' license was D.U.I.-suspended or revoked, we can look behind the section 1542 revocation and identify the violations which gave rise to the habitual offender status.

Defense counsel's astute research has uncovered one case dealing with this issue: *Commonwealth v. Rhodes*, 37 D.&C.3d (1985), written by our distinguished colleague, Judge Wood of the Chester County Common Pleas Court. We find the rationale of *Rhodes* to be sound and supportive of our thinking.

In *Rhodes*, defendant was convicted of driving under the influence of alcohol (D.U.I.) on July 7, 1979. Id. As a result, defendant's license was revoked for a period of five years, effective July 9, 1981, pursuant to the habitual offender provision of the Motor Vehicle Code, 75 Pa.C.S. §1542. Id. On July 22, 1984, defendant was caught driving while his license was revoked under the habitual offender provision and cited for a violation of section 1543(b). Id.

Judge Wood opined as follows:

"Here, it is not clear what three offenses led to defendant being classified as a habitual offender, other than the last one, which was for D.U.I. In any event, the Vehicle Code only provides a one-year license suspension for a D.U.I. conviction regardless of whether it be a first or subsequent offense. Since defendant was cited for driving while his operating privileges were revoked some three years after his license was revoked and approximately five years after his D.U.I. conviction, it would seem that, at

the time of the issuance of the citation, defendant's license was revoked not as the result of a D.U.I. conviction but because he was a 'habitual offender.'

"75 Pa.C.S. §1543(b) says nothing about persons caught driving while their operating privileges are revoked because they are habitual offenders. Since that subsection is penal in nature, it must be strictly construed. (citation omitted). We must therefore find defendant not guilty of violating 75 Pa.C.S. §1543(b), since there is no proof that his license was revoked for the reasons stated in that subsection. Although it is clear that defendant's license was revoked when he was stopped, he was not charged with violation of §1543(a)." *Commonwealth v. Rhodes*, supra, 37 D.&C.3d at 670.

The instant case points out a fundamental infirmity in section 1543(b) of the Pennsylvania Motor Vehicle Code. Section 1543(b) was enacted by the Legislature to impose a more severe punishment for driving while under a suspension or revocation which is D.U.I.-related than for driving under a suspension or revocation not D.U.I.-related in an effort to keep drunk drivers off the road during the period of their suspensions or revocations. See *Commonwealth v. Hoover*, 343 Pa. Super. 372, 494 A.2d 1131 (1985). However, as we have previously held in this opinion, section 1543(b) does not cover a section 1542 revocation which may be D.U.I.-related. Thus, where an individual is apprehended while operating a motor vehicle while his license is revoked exclusively under the habitual offender provision, he does not violate section 1543(b) even though his habitual offender status may have resulted from one, two or even three D.U.I. convictions. He only violates section 1543(a) which mandates the less severe penalty consisting of a fine of $200. We shall

leave this obvious oversight in the law to the Legislature.

We note parenthetically that although Stevens might have been properly cited under section 1543(a), he was not so cited.

Accordingly, we enter the following

## ORDER

And now, this November 24, 1987, it is ordered and decreed that:

(1) The post-verdict motion of defendant, Larry R. Stevens, in the nature of a motion in arrest of judgment be and is hereby granted.

(2) The conviction of defendant for violation of section 1543(b) of the Motor Vehicle Code, 75 Pa.C.S. §1543(b), is vacated and the charge is dismissed.