J-S81038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JENNIFER RAE HURD :
:
Appellant : No. 1041 MDA 2018

Appeal from the Judgment of Sentence Entered April 16, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000254-2017

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 26, 2019**

Appellant, Jennifer Rae Hurd, appeals from the judgment of sentence

entered in the Court of Common Pleas of Adams County after she pleaded

guilty to Driving Under the Influence of Alcohol ("DUI"), highest rate of

alcohol, in violation of 75 Pa.C.S.A. § 3802(c). Herein, she challenges the

discretionary aspects of her sentence. We affirm.

The pertinent facts and procedural history are as follows:

On September 19, 2017, Appellant appeared before [the trial
court] and entered a plea of guilty to amended count 2 of the
criminal information, DUI, highest rate of alcohol in violation of §
3802(c) of the Vehicle Code as a misdemeanor of the first degree
and third offense for mandatory sentencing purposes. In
accordance with 75 Pa.C.S.a. § 3804(c)(3), Appellant faced a
twelve month mandatory minimum sentence. Appellant's plea
was pursuant to a plea agreement which recommended a
sentence of sixty months county intermediate punishment with
twelve months['] restrictive intermediate punishment. During the
plea colloquy [the trial court] explained to the Appelalnt tha the
twelve months of restrictive punishment consisted of eight months

_____

\* Former Justice specially assigned to the Superior Court.

at the Adams County Work Release Facility and four months on electronic monitoring, house arrest.[1]  Sentence was scheduled for November 16, 2017, to allow Appellant to undergo an assessment to determine her eligibility for an intermediate punishment sentence.

---

[1] The Adams County Intermediate Punishment Plan, effective January 1, 2015, sets forth a recommendation that the restrictive period will be divided two thirds at the Adams County work release facility and one-third house arrest with electronic monitoring.

---

On November 14, 2017, sentencing counsel for Appellant filed a Sentencing Memorandum requesting [that the trial court] impose an intermediate punishment sentence with a minimal amount of jail time and a lengthy period of time on house arrest, based on Appellant's medical issues.  Appellant required surgery for a total hip replacement of her right hip and Appellant was also being treated for multiple sclerosis.  Appellant's treatment for multiple sclerosis included specific required medication.  Appellant's counsel confirmed that the medical provider at the Adams County Adult Correctional Complex could provide Appellant with her prescribed medication if incarcerated at the Adams County Adult Correctional Complex.  [The trial court] also received and reviewed supplemental character letters to the Sentencing Memorandum, also dated November 14, 2017.

On November 1, 2017, at the request of Appellant with no objection from the Commonwealth, sentence was continued until April 16, 2018 to afford Appellant the opportunity to undergo hip replacement surgery prior to sentence.

On April 16, 2018, Appellant appeared with sentence counsel for sentence.  Appellant filed a Supplemental Sentencing Memorandum with [the trial court] on April 11, 2018, which provided information [to the trial court] concerning Appellant's diagnosis of multiple sclerosis.  Prior to sentence it was confirmed that Primecare Medical, the medical provider for Adams County Adult Correctional Complex, would provide the necessary medication to Appellant concerning her treatment for multiple sclerosis.  During the sentencing hearing Appellant's counsel advised [the trial court] that other than multiple sclerosis, Appellant was not dealing with any medical issues at that time,

but had not undergone surgery for the hip replacement. Appellant's counsel requested a restrictive intermediate punishment sentence with more time on house arrest and a lesser period of incarceration at the work release facility of the Adams county Adult Correctional Complex. This request was based on Appellant's medical issues and Appellant's employment in Lancaster County. [The trial court] sentenced Appellant to sixty months intermediate punishment with 12 months' restrictive intermediate punishment, [the latter consisting of] eight months at the Adams County Adult Correctional Complex work release facility and four months on house arrest with electronic monitoring.

On April 25, 2018, Kaitlyn Clarkson, Esquire entered her appearance on behalf of Appellant. On April 26, 2018, Appellant filed a Petition for Bail After Finding of Guilt Pursuant to Pa.R.Crim.P. Rule 521, and a Motion to Modify Sentence. On May 30, 2018, [the trial court] granted Appellant's Petition for Bail After Finding of Guilt Pursuant to Pa.R.Crim.P. 521 and denied Appellant's Motion to Modify Sentence. On June 22, 2018, Appellant filed her Notice of Appeal. By Order of Court dated June 25, 2018, [the trial court] directed Appellant to file a Concise Statement of Matters Complained of on Appeal. Appellant timely filed her Concise Statement on July 5, 2018.

Trial Court Opinion, 8/2/18, at 1-3.

Appellant presents one question for our consideration:

[Where] Hurd suffers from multiple sclerosis, COPD, and degenerative disk disease, and requires hip surgery and a nose reconstruction[, did] the trial court sentence [her] excessively in ordering her to serve eight months in the Adams County Correctional Complex [as part of the initial 12-month restrictive setting portion of her 60-month IPP sentence]?

Appellant's brief, at 4.

This Court has held:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:

- 3 -

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa.Super. 2006) (some citations and punctuation omitted).

> The Rule 2119(f) statement
>
> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm....

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

Here, Appellant timely appealed, preserved the issue in her post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in the brief. *See Evans*, 901 A.2d at 533. Further, Appellant asserts in her Rule 2119(f) statement that she raises a substantial question that her sentence of

incarceration was inappropriate where she claims the trial court failed to consider her individual circumstances consisting of a disabling medical diagnosis and her resultant need for nearly continuous physical assistance.

Even if we assume *arguendo* that Appellant's claim raises a substantial question, we observe that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa.Super. 2008) (citation omitted). "Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information [contained therein] and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Moreover, a challenge to a standard range sentence must show the sentence is "clearly unreasonable" based on the circumstances of the case. ***Commonwealth v. Coulverson***, 34 A.3d 135, 146 (Pa.Super. 2011).

Here, the record confirms both the existence of a presentence investigation report and the court's repeated inquiry into Appellant's medical condition, as it asked both parties for pertinent medical updates and otherwise articulated an awareness of her condition. N.T. 4/16/18, at 2-6. The court

thereafter imposed a standard range sentence, to which Appellant filed a motion for reconsideration of sentence. Again, at the hearing on Appellant's motion, the court demonstrated a consideration of the sentencing guidelines, sentencing alternatives, and the likelihood that Appellant would receive adequate attention to her needs in a medical facility at the prison. N.T. 5/15/18, at 11-13.

Given this record, we discern no merit to Appellant's contention that the court failed to give reasonable consideration to her individual medical needs as they related to a sentence of incarceration. To that end, we adopt the trial court's rationale as expressed on pages 5-7 of its Pa.R.A.P. 1925(a) Opinion. Accordingly, Appellant's challenge to the discretionary aspects of her sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/26/2019

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

**COMMONWEALTH OF PENNSYLVANIA**                    CP-01-CR-254-2017

**VS.**

**JENNIFER RAE HURD**

## OPINION PURSUANT TO Pa. R.A.P. 1925(a)

Jennifer Rae Hurd (hereinafter "Appellant") appeals from this Court's Judgment of Sentence Order dated April 16, 2018 and denial of Defendant's Motion to Modify Sentence, filed May 30, 2018. For the reasons set forth below, it is respectfully requested that this Court's Judgment of Sentence be affirmed.

On September 19, 2017 Appellant appeared before this Court and entered a plea of guilty to amended count 2 of the criminal information, DUI, highest rate of alcohol in violation of §3802(c) of the Vehicle Code as a misdemeanor of the first degree and third offense for mandatory sentencing purposes. In accordance with 75 Pa. C.S.A. § 3804(c)(3), Defendant faced a twelve month mandatory minimum sentence. Appellant's plea was pursuant to a plea agreement which recommended a sentence of sixty months county intermediate punishment with twelve months restrictive intermediate punishment. During the plea colloquy this Court explained to the Appellant that the twelve months of restrictive intermediate punishment consisted of eight months at the Adams County Work Release Facility and four months on electronic monitoring, house arrest.[1]

---

[1] The Adams County Intermediate Punishment Plan, effective January 1, 2015, sets forth a recommendation that the restrictive period will be divided two thirds at the Adams County work release facility and one third house arrest with electronic monitoring.


Distribution on last page

1

Sentence was scheduled for November 16, 2017 to allow Appellant to undergo an assessment to determine her eligibility for an intermediate punishment sentence.

On November 14, 2017 sentencing counsel for Appellant filed a Sentencing Memorandum requesting this Court impose an intermediate punishment sentence with a minimal amount of jail time and a lengthy period of time on house arrest, based on Appellant's medical issues. Appellant required surgery for a total hip replacement of her right hip and Appellant was also being treated for multiple sclerosis. Appellant's treatment for multiple sclerosis included specific required medication. Appellant's counsel confirmed that the medical provider at the Adams County Adult Correctional Complex could provide Appellant with her prescribed medication if incarcerated at the Adams County Adult Correctional Complex. This Court also received and reviewed supplemental character letters to the Sentencing Memorandum, also dated November 14, 2017.

On November 16, 2017, at the request of Appellant with no objection from the Commonwealth, sentence was continued until April 16, 2018 to afford Appellant the opportunity to undergo the hip replacement surgery prior to sentence.

On April 16, 2018 Appellant appeared with sentencing counsel for sentence. Appellant filed a Supplemental Sentencing Memorandum with this Court on April 11, 2018, which provided information to this Court concerning Appellant's diagnosis of multiple sclerosis. Prior to sentence it was confirmed that Primecare Medical, the medical provider for Adams County Adult Correctional Complex, would provide the necessary medication to Appellant concerning her treatment for multiple sclerosis. During the sentencing hearing Appellant's counsel advised this Court that other than

2

multiple sclerosis, Appellant was not dealing with any medical issues at that time, but had not undergone surgery for the hip replacement. Appellant's counsel requested a restrictive intermediate punishment sentence with more time on house arrest and a lesser period of incarceration at the work release facility of the Adams County Adult Correctional Complex. This request was based on Appellant's medical issues and Appellant's employment in Lancaster County. This Court sentenced Appellant to sixty months intermediate punishment with twelve months restrictive intermediate punishment, eight months at the Adams County Adult Correctional Complex work release facility and four months on house arrest with electronic monitoring.

On April 25, 2018 Kaitlyn Clarkson, Esquire entered her appearance on behalf of Appellant. On April 26, 2018 Appellant filed Petition for Bail After Finding of Guilt Pursuant to Pa. R.Crim.P. Rule 521, and Motion to Modify Sentence. On May 30, 2018 this Court granted Appellant's Petition for Bail After Finding of Guilt Pursuant to Pa. R.Crim.P. Rule 521 and denied Appellant's Motion to Modify Sentence. On June 22, 2018, Appellant filed her Notice of Appeal. By Order of Court dated June 25, 2018 this Court directed Appellant to file a Concise Statement of Matters Complained of on Appeal. Appellant timely filed her Concise Statement on July 5, 2018.

## LEGAL STANDARD

"[A] challenge to the discretionary aspects of a sentence is considered a petition for permission to appeal because the right to pursue such a claim is not absolute." **Commonwealth v. Baker**, 963 A.2d 495, 510 (Pa. Super. 2008) (citing **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004)). Pennsylvania Rule of Appellate Procedure 2119(f) states "[a]n appellant who challenges the discretionary

3

aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Pa.R.A.P. 2119(f)**. "Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." **42 Pa.C.S.A. § 9781(b)**. A substantial question exists "'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with the specific provisions of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process.'" **Commonwealth v. Bullock**, 868 A.2d 516, 528 (Pa. Super. 2005) (quoting **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000)).

In determining whether the trial court committed an abuse of discretion in imposing sentence, the standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentence judge, and a sentencing will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). As the sentence at issue is a "standard range" sentence, the sentence must be shown to be "clearly unreasonable" based on the circumstances of the case. **Commonwealth v. Coulverson**, 34 A.3d 135, 146 (Pa. Super. 2011).

4

## DISCUSSION

In her concise statement, Appellant argues "the Court erred in giving Ms. Hurd an excessive sentence for her individual circumstances. Ms. Hurd suffers from multiple sclerosis, COPD and degenerative disk disease. She also requires hip surgery and a nose reconstruction. Ms. Hurd has fallen multiple times due to her MS, and broken multiple bones from these falls. One of these falls broke her nose, and is the reason she now requires a nose reconstruction."

Based on Appellant's guilty plea to DUI, highest rate of alcohol in violation of §3802(c) of the Vehicle Code as a third offense for mandatory sentencing purposes, this Court was mandated to impose a twelve month mandatory minimum sentence in accordance with 75 Pa. C.S.A. § 3804(c)(3). Therefore, in accordance with 42 Pa. C.S.A. § 9721(a) this Court had the authority to impose a total confinement sentence, a state intermediate punishment sentence, or a county intermediate punishment sentence. This Court agreed to accept the plea recommendation in this matter and imposed the least restrictive sentence possible given the twelve month mandatory minimum sentence required in this case.

This Court reviewed sentencing counsel's Sentencing Memorandum, supplemental character letters to Sentencing Memorandum and Supplemental Sentencing Memorandum prior to imposing sentence on April 16, 2018. This Court listened to the comments of Appellant's counsel and the Commonwealth prior to imposing sentencing and afforded Appellant an opportunity to provide comment.

First, it is important to keep in mind that Appellant has not appealed the legality of her sentence. Rather, she seeks to challenge the discretionary portions of her

5

sentence. The mandatory minimum sentence imposed in this case was mandated by statute. The sentence imposed was pursuant to a plea agreement between the Commonwealth and Appellant. One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence. **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994). Furthermore, the Pennsylvania Superior Court "has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question..." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super, 2013) (internal quotations omitted) (citation omitted). Therefore it is questionable whether Appellant possesses a legal basis to attack the discretionary portion of her sentence, given that sentence was imposed pursuant to a plea agreement and Appellant's argument is based on a claim of "inadequate consideration of mitigating factors."

Regardless, Appellant fails to set forth any specific provisions of the sentencing code or fundamental norms underlying the sentencing process which the trial court has allegedly violated in imposing sentence. Such a failure precludes a review of the merits that the sentence was excessive. **Commonwealth v. Trippett**, 932 A.2d 188, 202 (Pa. Super. 2007); **Commonwealth v. Ladamus**, 896 A.2d 592, 596 (Pa. Super. 2006).

The lack of a substantial question is confirmed by a review of the circumstances underlying Appellant's sentence. Prior to imposing sentence, this Court indicated review and reliance on the information in sentencing counsel's Sentencing Memorandum, supplemental character letters to Sentencing Memorandum and Supplemental Sentencing Memorandum. This Court listened to the comments of counsel and afforded Appellant the opportunity to provide this Court with comment. Thus, prior to imposing

6

sentence, this Court was armed with, and considered, the relevant information contained within sentencing counsel's memorandums and the comments of counsel. This Court took into account Appellant's medical issues and even afforded Appellant a five month continuance of sentence to allow Appellant to deal with her medical issues. This Court took into account the ability of the Adams County Adult Correctional Complex to handle Appellant's medical issues, and provide proper medication concerning such medical issues. This Court also considered Appellant's request to serve a much greater portion of the restrictive intermediate punishment on house arrest in Lancaster County for employment purposes. This Court considered the fact that this was Appellant's third DUI conviction within a short period of time and that Appellant committed this offense while awaiting trial and/or sentence on two other DUI offenses.

As evidenced by the discussion above, this Court considered the factors listed in § 9721(b) when fashioning Appellant's sentence. As such, Appellant's sentence was not "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." Therefore, this Court respectfully requests Appellant's Judgment of Sentence be affirmed.

BY THE COURT,

Date: August 2, 2018

SHAWN C. WAGNER
Judge

Kelley L. Margetas, Esquire
Kaitlyn S. Clarkson, Esquire

Distribution  8/3/18  NP
Original                 10:55
Kelley L. Margetas, Esquire - electronic
Kaitlyn S. Clarkson, Esquire electronic
Court Administrator - electronic
Adams County Legal Journal - electronic
District & County Reports email
Media Copy  C+C